ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 OCT 10 PM 3: 48

CLERK _CAdams_
SO. DIST. OF GA.

| | | |
|---|---|---|
| KEITH HENDERSON, | ) | |
| | ) | |
| Plaintiff,[1] | ) | |
| | ) | |
| v. | ) | CV 312-092 |
| | ) | |
| JOSE MORALES, LARRY BUTTS, and | ) | |
| FNU GOTEL, Lieutenant, Hayes State | ) | |
| Prison, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate presently incarcerated at Hays State Prison in Trion, Georgia, has ostensibly submitted to the Court for filing a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.[2,3]  Plaintiff seeks to proceed *in forma pauperis* ("IFP").  (Doc. no. 2.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), that this action be **DISMISSED**,

---

[1]The **CLERK** is **DIRECTED** to modify the docket to reflect that this is a filing pursuant to 42 U.S.C. § 1983, and to designate Petitioner and Respondents as Plaintiff and Defendants, respectively.

[2]As explained infra, the Court construes Plaintiff's filing as a complaint filed pursuant to 42 U.S.C. § 1983.

[3]Although he is currently incarcerated at Hays State Prison, Plaintiff's complaint concerns events that allegedly occurred at Johnson State Prison, in Wrightsville, Georgia. See infra Part II. D.

and that Plaintiff be enjoined from seeking to proceed IFP again absent sworn allegations that he is in "imminent danger."

## I.    BACKGROUND

Plaintiff, prior to the instant lawsuit, had filed at least six cases under 42 U.S.C. § 1983. Three of those cases were dismissed as a sanction for providing false information or for failing to comply with court orders, another was dismissed for failure to state a claim, and the remaining two were dismissed under the three strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). See infra Part II. C. In a prior case that was dismissed under the three strikes provision, the Honorable Dudley H. Bowen, Jr., United States District Judge, discussed Plaintiff's filing history in an Order dated June 13, 2012. See Henderson v. Butts, CV 312-030, doc. no. 12 (S.D. Ga. June 13, 2012) (hereinafter "CV 312-030"). Judge Bowen noted that Plaintiff's allegations in that lawsuit appeared to concern the same events from a prior lawsuit that had been dismissed under the three strikes provision, see Henderson v. Wright, CV 311-110 (S.D. Ga. Feb. 7, 2012) (hereinafter "CV 311-110"), and he warned Plaintiff that if he continued to submit frivolous filings, he would face consequences from the Court. See CV 312-030, doc. no. 12. Plaintiff then submitted the instant filing on a form entitled "Application for a Writ of Habeas Corpus" on September 21, 2012. (Doc. no. 1.)

## II.   DISCUSSION

### A.    Plaintiff's Filing Properly Construed as Complaint under 42 U.S.C. § 1983

Although the form used by Plaintiff bears the heading of a petition for habeas corpus,

the title on the form does not prevent the Court from considering the filing for what the substance shows it to be, namely, a complaint under § 1983. Indeed, the Eleventh Circuit has repeatedly recognized the practice of looking beyond the title of a document in order to properly analyze its substance. Fugate v. Department of Corr., 301 F.3d 1287, 1288 (11th Cir.) (per curiam) (affirming district court's holding that plaintiff's action putatively brought pursuant to 42 U.S.C. § 1983, was properly construed as a petition for writ of habeas corpus), cert. denied, 536 U.S. 980 (2002); Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (per curiam) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (per curiam) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

In this case, though he fails to make a clear request for relief, Plaintiff makes a series of claims alleging violations of his rights at Johnson State Prison. Federal habeas corpus relief, however, is appropriate when a petitioner alleges that his custody itself is illegal. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, . . . ."). On the other hand, when a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983. See, e.g., McKinnis v. Mosely, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (prisoner alleging violation of due process rights was seeking relief under § 1983, not habeas corpus relief). Furthermore, the Court is aware that the

3

allegations in the instant filing are very similar to those in two prior cases by Plaintiff, see CV 312-030, doc. no. 1; CV 311-110, doc. no. 1, and a complaint that he submitted on the same day as the instant filing, see Henderson v. Butts, CV 312-093, doc. no. 1 (S.D. Ga. Sept. 21, 2012), all of which were brought under § 1983. Also, the Court notes that Plaintiff included a diagram with the instant filing titled "use as evidence in case for 42 USC 1983." (Doc. no. 1, p. 10.) Finally, Plaintiff has named officials at Johnson State Prison as a "Respondents" in this case, but has not named the warden at Hays State Prison, where he is currently incarcerated.[4] For these reasons, Plaintiff's filing is properly construed as a complaint under § 1983 rather than a petition for habeas corpus relief.

## B. Compliance with PLRA

As Plaintiff should now be well aware, see CV 312-030, doc. no. 3, a prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the PLRA. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

---

[4]The proper respondent in a § 2254 petition is the state officer having custody over the petitioner. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court is aware that Plaintiff named FNU Gotel, a Lieutenant at Hays State Prison, as a "Respondent" in the case. The officer having custody, however, is generally the warden, not a lower level prison official. See id., 1976 advisory committee notes. This underscores the point that Plaintiff does not appear to be seeking habeas relief.

physical injury.[5]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access

to the courts, the doctrine of separation of powers, an inmate's right to due process of law,

or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality

of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other*

*grounds by* Jones v. Bock, 549 U.S. 199 (2007).

### C.    Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases

that were dismissed for being frivolous or malicious or for failing to state a claim upon which

relief may be granted:  (1) Henderson v. Barfield, CV 312-029 (S.D. Ga. July 12, 2012)

(dismissed for failure to state a claim); (2) Henderson v. Newsome, CV 311-056 (S.D. Ga.

Oct. 17, 2011) (dismissed as sanction for providing false information about prior filing

history); and (3) Henderson v. Harris, CV 109-181 (M.D. Ga. Feb. 19, 2010) (dismissed for

failure to follow court orders).[6]  As these previous cases were dismissed as a sanction for

---

[5]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[6]As discussed supra, see Part I, two other previous actions, CV 311-110 and CV 312-030, which concerned many of the same facts alleged in this case, were dismissed pursuant to the three-strikes provision.  Another action, Henderson v. Strickland, CV 109-176 (M.D. Ga. Feb. 17, 2010), was dismissed for failure to follow court orders, and in yet another action, which is currently pending, the Honorable G. R. Smith, United States Magistrate Judge, has recommended dismissal under the three-strikes provision. See Henderson v. Graham, CV 312-085, doc. no. 4 (S.D. Ga. Sept. 24, 2012).

providing false information or for failing to comply with court orders, they qualify as strikes under § 1915(g).[7] Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### D. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. In his complaint, Plaintiff appears to attempt to state a claim based on the raising of his security level, confiscation of his personal property by prison officials, and his confinement in a cell with a covered top window, a closed "food flap," and lack of ventilation. (See doc. no. 1.) Plaintiff also asserts, without any coherent explanation, that he has been subjected to false imprisonment, corruption, and a host of other wrongs. (See id.)

However, none of the specific facts alleged in the complaint suggest that Plaintiff was in "imminent danger" at the time he commenced this case. Indeed, while Plaintiff's complaint concerns events that allegedly occurred at Johnson State Prison, he was

---

[7]Dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g). See Rivera, 144 F.3d at 731; see also Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

incarcerated at Hays State Prison by the time he filed his complaint, negating any possibility that the conditions he complains of at Johnson State Prison continued to pose him a risk of harm, let alone imminent danger, when he commenced this case.[8] Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three-strike rule.

The Court will also take this opportunity to admonish Plaintiff that he cannot continue to submit frivolous filings to this Court. This is Plaintiff's third filing concerning the same events (with a fourth filed the same day currently pending as well), and Plaintiff now appears to have tried to evade the limitations of § 1915(g) by using the form for a habeas corpus petition rather than that for a § 1983 complaint, while making no colorable claim for habeas corpus relief. Plaintiff is warned that such tactics are not only an abuse of process and a waste of judicial resources, but may subject him to sanctions by this Court. See Fed. R. Civ. P. 11; Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006) ("Rule 11 forbids lying in pleadings, motions, and other papers filed with the court . . . ."). Moreover, as Plaintiff has ignored the warning in Judge Bowen's June 13, 2012 Order, he should now be enjoined from seeking to proceed IFP again absent sworn allegations that he is in "imminent danger."[9]

---

[8] As noted earlier, see supra note 4, Plaintiff named FNU Gotel, a Lieutenant at Hays State Prison, as a Defendant in this case, but Plaintiff fails to make any allegations concerning Defendant Gotel within the body of his complaint. The Court is also aware that it is arguably unclear from Plaintiff's complaint whether his allegations regarding his cell's window, "food flap," and lack of ventilation involved his cell at Johnson State Prison, as the writing is difficult to read. (See doc. no. 1, p. 10.) The Court notes, however, that Plaintiff made similar allegations in a prior case, including a nearly identical drawing and stating that it was his cell at Johnson State Prison. See CV 312-030, doc. no. 1, p. 16.

[9] Should Plaintiff perjure himself, he faces criminal prosecution. See, e.g., United States v. Dickerson, CR 608-036, doc. no. 1 (S.D. Ga. Dec. 11, 2008) (28 U.S.C. § 2255 movant

Smith v. Fla. Dep't of Corrs., 369 F. App'x 36, 40 (11th Cir. 2010) (*per curiam*) (district court order enjoining prisoner from filing any new civil cases IFP was not overbroad, for the scope of the injunction precisely matched the scope of the PLRA, 28 U.S.C. § 1915(g), and did not foreclose "imminent danger" claims). As part of that sworn showing, he must also identify all prior litigation that he has brought in any court of record, including the full case name, case number, court in which it was brought, and disposition.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED**. If Plaintiff wishes to proceed with this civil action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*). The Court further **REPORTS** and **RECOMMENDS** that Plaintiff be enjoined from seeking to proceed IFP again absent sworn allegations that he is in "imminent danger."

SO REPORTED and RECOMMENDED this 10th day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. no. 47 (guilty verdict), cited in Colony Ins. Co. v. 9400 Abercorn, LLC, ___ F. Supp. 2d ___, 2012 WL 2090366, at *4 n.2 (S.D. Ga. May 10, 2012).